IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHN R. NEWBERN, | : | |
| Petitioner | : | |
| | : | **7 : 04-CV-100 (HL)** |
| VS. | : | |
| MR. CAMON, Superintendent, | : | |
| Respondent. | : | |

**RECOMMENDATION**

The petitioner filed the above-styled federal habeas corpus petition attacking his November 13, 2001, Clinch County probation revocation and his October 12, 2001, Clinch County guilty plea conviction for theft by receiving stolen property. Petitioner was sentenced as a first offender to ten years' intensive probation. Presently before the court is the respondent's Motion to Dismiss for Lack of Exhaustion, in which the respondent asserts that the petitioner has not completed review of his guilty plea or probation revocation in the state courts by means of a state habeas corpus petition. The respondent maintains that although the petitioner filed a state habeas corpus petition on July 30, 2002, state habeas review has not been completed. Although ordered to respond to the respondent's motion and contentions, the petitioner has not filed a response thereto. The order notifying the petitioner of the respondent's motion, sent to the petitioner's last known address, was returned as undeliverable on or about December 3, 2004.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to

consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978). Inasmuch as he has not yet completed state habeas review, the petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b). The court notes that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Inasmuch as the petitioner has not yet completed available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file and serve written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of March, 2005.

<u>/s/ **Richard L. Hodge**</u>
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb